IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRENDA DIGIOVANNANGELO, et al.,**<br>    **Plaintiffs,**<br><br>v.<br><br>**EDWARD KEIR, et al.,**<br>    **Defendants.** | **CIVIL ACTION NO. 02-4986** |

**O R D E R**

**AND NOW,** this 25th day of July, 2002, it is hereby **ORDERED** that the above captioned case be listed for arbitration during the month of **December, 2002**.

**COUNSEL FOR PLAINTIFF SHALL SERVE A COPY OF THIS ORDER UPON COUNSEL FOR THE DEFENDANT AS SOON AS THE IDENTITY OF COUNSEL IS LEARNED.**

**ANY MOTIONS SHALL BE FILED AND SERVICE OF THIS ORDER AND THE COMPLAINT SHALL BE COMPLETED SO AS NOT TO DELAY THE ARBITRATION HEARING.**

If any party appeals from the decision of the arbitration panel, it is further **ORDERED** as follows:

1. PLAINTIFF'S PAPERS. Within two days from the date that the Notice of Trial de novo is filed, the plaintiff shall file one copy of record and deliver two courtesy copies to chambers of its:

    a) pretrial memorandum under Local Rule 16.1(c);

    b) trial brief covering issues likely to arise at trial, and;

        c) proposed numbered points for charge, including authorities with precise pinpoint page citations, or in nonjury trials, proposed findings of fact and conclusions of law, including authorities with precise, pinpoint page citations.

    2.    <u>DEFENDANT'S PAPERS</u>.  Within four days from the date that the Notice of Trial de novo is filed, the defendant shall file one copy of record and deliver two courtesy copies to chambers of its:

        a) pretrial memorandum under Local Rule 16.1(c);

        b) trial brief covering issues likely to arise at trial, and;

        c) proposed numbered points for charge, including authorities with precise pinpoint page citations, or in nonjury trials, proposed findings of fact and conclusions of law, including authorities with precise, pinpoint page citations.

    3.    <u>JURY QUESTIONS</u>.  The parties shall file a jointly agreed to set of proposed jury questions, if possible after reasonable effort, and if not, their separate proposed jury questions within five days from the date that the Notice of Trial de novo is filed.  The submission shall not be a waiver of contentions that there is insufficient evidence to submit such issues to the jury. In drafting the jury questions, counsel are to bear in mind that the key is simplicity in wording and organization so that the final draft contains the fewest number of questions necessary for a verdict.  The parties shall file one copy of record and two courtesy copies of the jointly prepared set of jury questions.

    4.    <u>COMPUTER DISKS</u>.  In addition to their written submissions, the parties are requested, if possible, to submit their proposed points for charge or proposed findings of fact and conclusions of law on a WordPerfect compatible computer disc (3½" or 5¼").

5. <u>EXPERTS</u>. Each party shall serve the other within four days from the date that the Notice of Trial de novo is filed, with respect to any witnesses expected to give expert testimony at trial:

   a) written report prepared and signed by the expert containing a complete statement of all opinions to be expressed and the basis and reasons therefore;

   b) the data or other information considered by the witness in forming the opinions;

   c) any exhibits to be used as support for the opinions;

   d) the qualifications of the witness, including a list of publications authored by the witness within the preceding ten years;

   e) the compensation arranged for the study and testimony; and

   f) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

6. <u>UNCONTESTED FACTS</u>. The parties shall meet to prepare a complete and comprehensive stipulation of uncontested facts in accordance with the procedure set forth in Local Rule of Civil Procedure 16.1(d)(2)(b)(2). The parties shall file one copy of record and submit three courtesy copies of the jointly prepared stipulation of uncontested facts within four days from the date that the Notice of Trial de novo is filed.

7. <u>TRIAL EXHIBITS</u>. All trial exhibits shall be marked and exchanged within four days from the date that the Notice of Trial de novo is filed.

8. <u>TIMING</u>. If the case is called for trial before a party's pretrial memorandum and other papers are due, that party shall file and serve its papers by the morning of the day of trial.

9. <u>TRIAL PROCEDURE</u>. The following should guide counsel at trial:

a) counsel are expected to select a jury promptly without arguing the case to the panel.

b) in general, the court discourages side bar conferences because they are usually unnecessary. If counsel feel that a side bar is absolutely necessary, they shall state the side bar general purpose so that the court may decide whether one is in fact necessary.

c) it is not necessary to ask permission to approach a witness.

d) counsel are expected to have their witnesses available, either in the courtroom or in the witness room located outside the courtroom. Please instruct your witnesses to speak slowly, distinctly and loud enough for all to hear. Examinations should be limited to direct, cross and re-direct unless there are exceptional circumstances.

e) counsel should use the podium for opening and closing statements.

f) counsel should move all exhibits in a clear voice, identifying each by name and/or number. If there is no objection, exhibits are automatically admitted.

g) counsel are expected to edit trial depositions to remove superfluous material.

h) counsel shall submit Rule 50 motions in writing.

i) at the close of trial, exhibits are released to the custody of the party who

offered them and should be picked up within 24 hours.

                        **BY THE COURT:**

                        _____

                        **MARVIN KATZ, S.J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRENDA DIGIOVANNANGELO, et al.,** <br> Plaintiffs, <br><br> v. <br><br> **EDWARD KEIR, et al.,** <br> Defendants. | **CIVIL ACTION** <br> **No. 02-4986** |

# O R D E R

**AND NOW**, this 25th day of July, 2002, it is hereby **ORDERED** that a motion to remand the above-captioned case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal. See 28 U.S.C. § 1447(c).

          **BY THE COURT:**

          _____
          **MARVIN KATZ, S.J.**