IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDA DIGIOVANNANGELO | : | CIVIL ACTION |
| and FRANK DIGIOVANNANGELO | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| EDWARD KEIR and | : | |
| DONALD A. KEIR | : | NO.   02-4986 |

**DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT WITH AFFIRMATIVE DEFENSES**

1-2.   Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of these averments. Therefore, same are denied and strict proof is demanded at time of trial.

3-4.   Admitted.

5.   Admitted in part; denied in part.  It is submitted only that Defendant, Donald A. Keir, owned a motor vehicle which was involved in an accident on November 10, 2000.  It is further admitted that the motor vehicle owned by Donald A. Keir was driven at the time of the accident by Defendant, Edward Keir.  The remaining of averments of this paragraph are expressly denied and strict proof is demanded at time of trial.

6.   Denied.  This averment is denied and strict proof is demanded at time of trial.

7.   Admitted in part; denied in part.  It is admitted only that the vehicle driven by Edward Keir impacted the rear of the Plaintiff's vehicle.  The remaining averments of this paragraph are denied and strict proof is demanded.

8.   Denied.  This averment constitutes a conclusion to which no response is required. By way of further answer, to the extent that this averment may contain allegations of fact, same are expressly denied and strict proof is demanded at the time of trial.

9. Denied. These averments are denied and strict proof is demanded at the time of trial.

10. Denied. This averment constitutes a conclusion to which no response is required. By way of further answer, these averments are expressly denied and strict proof is demanded at the time of trial.

11. Denied. These averments are denied and strict proof is demanded at the time of trial.

12. Denied. These averments are denied and strict proof is demanded at the time of trial.

13. Denied. These averments are denied and strict proof is demanded at the time of trial.

14. Denied. These averments are denied and strict proof is demanded at the time of trial.

15. Denied. These averments are denied and strict proof is demanded at the time of trial.

**WHEREFORE,** Defendants, Donald A. Keir and Edward Keir, demand judgment in their favor and against Plaintiffs.

## COUNT II

### FRANK DIGIOVANNANGELO v. DEFENDANT

16. Answering Defendants incorporates paragraphs 1 through 15 above as if set forth here and at length.

17. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of these averments. Therefore, same are denied and strict proof is demanded at time of trial.

18. Denied. This averment is denied and strict proof is demanded at the time of trial.

19. Denied. This averment is denied and strict proof is demanded at the time of trial.

20. Denied. This averment is denied as a conclusion of law to which no response is required. By way of further answer, this averment is denied and strict proof is demanded at the time of trial.

**WHEREFORE,** Defendants, Donald A. Keir and Edward Keir, demand judgment in their favor and against Plaintiffs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are either barred or subject to reduction pursuant to the terms and provisions of the Pennsylvania Comparative Negligence Act.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff, Brenda DiGiovannangelo, was contributorily negligent as a matter of law and is therefore barred from recovery.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are either barred or subject to reduction pursuant to the terms and provisions of the Pennsylvania Motor Vehicle Financial Responsibility Act.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**SIXTH AFFIRMATIVE DEFENSE**

The injuries and damages complained of by Plaintiffs in their Complaint were not proximately caused by any act and/or omission on the part of Answering Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

The injuries and damages complained of by Plaintiffs in their Complaint did not result from the motor vehicle accident of November 10, 2000 and actually pre-existed said accident.

**WHEREFORE,** Defendants, Donald A. Keir and Edward Keir, demand judgment in their favor and against Plaintiffs.

                            **SWEENEY & SHEEHAN**

                    By:_____
                         Robyn F. McGrath
                         Identification No.  55892
                         Attorney for Defendants

                         1515 Market Street, 19th Floor
                         Philadelphia, PA 19102
                         (215) 563-9811

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDA DIGIOVANNANGELO | : | CIVIL ACTION |
| and FRANK DIGIOVANNANGELO | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| EDWARD KEIR and | : | |
| DONALD A. KEIR | : | NO.   02-4986 |

## CERTIFICATION OF SERVICE

I hereby certify that a true and correct copy of Defendants' Answer to Plaintiffs' Complaint with Affirmative Defenses was served on all interested counsel by U.S. First Class Mail on August 16, 2002.

_____
Robyn F. McGrath

**INTERESTED COUNSEL:**

Michael B. Krupnick, Esquire
**Dion, Solomon & Shapiro**
Suite 606, Ten Penn Center
1801 Market Street
Philadelphia, PA 19103